IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                               Criminal Action No. 5:07-CR-22

PAUL J. HARRIS,

      Defendant.

**REPORT AND RECOMMENDATION RECOMMENDING THAT MOTION TO DISMISS THE INDICTMENT FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF WEST VIRGINIA AND MOTION TO DISMISS INDICTMENT BE DENIED AND ORDER DENYING RULE 6 MOTION FOR DISCLOSURE OF GRAND JURY INFORMATION, MOTION FOR A BILL OF PARTICULARS, AND MOTION TO EXCLUDE EXPERT TESTIMONY**

I. <u>Introduction</u>

A.    <u>Background</u>.

Defendant is an attorney who resides and practices in West Virginia. In April 2005, a grand jury sitting in the Eastern District of Virginia returned a five count indictment against him. The indictment charges Defendant in count one with evasion of tax payment in violation of 26 U.S.C. § 7201 and in counts two through five with making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). The case was transferred to this district and is now before the Court regarding the pre-trial motions filed by Defendant.

B.    <u>The Motions</u>.

Defendant's Motion to Dismiss the Indictment for Lack of Venue or, in the Alternative, to Transfer to the Northern District of West Virginia (docket 1, number 7)

Defendant's Motion to Dismiss Indictment (docket 8)

Defendant's Rule 6 Motion for Disclosure of Grand Jury Information (docket 11)

Defendant's Motion for a Bill of Particulars (docket 7)

Defendant's Motion to Exclude Expert Testimony (docket 5)

C.   Recommendation and Order.

I recommend Defendant's motion to dismiss the indictment for lack of venue or, in the alternative to transfer to the Northern District of West Virginia and his Motion to Dismiss Indictment be DENIED. It is also ordered that Defendant's Rule 6 motion for disclosure of grand jury information, motion for a bill of particulars, and motion to exclude expert testimony are DENIED.

## II.  Discussion

A.   <u>Defendant's Motion to Dismiss the Indictment for Lack of Venue or, in the Alternative, to Transfer to the Northern District of West Virginia</u>

Defendant argues that while the indictment places the venue of the offenses alleged in Virginia, the government has no direct evidence that venue is proper there. Therefore, Defendant urges the Court to dismiss the indictment for lack of venue. The government argues that while it is true that it has no direct evidence of venue, it does have significant amounts of circumstantial evidence. The government states it will prove the offenses occurred in Virginia at trial.

The Fourth Circuit has stated that "Submitting the venue question to the jury is an appropriate procedure for resolving a factual dispute relating to venue." <u>United States v. Ebersole</u>, 411 F.3d 517, 526 n. 10 (4th Cir. 2005). Venue may be proven by circumstantial evidence. <u>United States v. Griley</u>, 814 F.2d 967, 973 (4th Cir. 1987). It is clear in this case that there is a dispute regarding venue. Therefore, the proper procedure is to submit the issue to the

jury.  The government will have the burden of proving venue by a preponderance of the evidence.  Id.  The indictment should not be dismissed based on considerations of venue.

The second relief Defendant sought in the motion was transfer to this district for convenience.  The Eastern District of Virginia granted the relief and the case is now before this Court.  Therefore, this portion of the motion is moot.

B.     Defendant's Motion to Dismiss Indictment

Defendant asks the Court to dismiss the indictment against him.  He argues Count One is deficient for several reasons.  First, Defendant contends the indictment fails to properly plead the elements of a tax deficiency.  Second, he argues that count one impermissibly covers multiple years.  This ignores the possibility that a jury could vote to convict for some years, but to acquit for other years.  Third, Defendant contends two of the tax years contained in Count One are beyond the statute of limitations.  Defendant argues the remaining counts of the indictment should be dismissed because he properly relied on instructions from IRS officials and the government cannot hold him criminally liable for following their instructions.  The government disputes these arguments and asks the Court to deny the motion.  First, the government argues the indictment is adequately pled regarding the theory of tax evasion at issue in the case.  Second, the government contends Count One is not impermissibility duplicitous.  It cites case law for the notion that an indictment may group together conduct of evasion lasting for a period of time.  Third, the government argues the statute of limitations has not expired.  It states the statute begins to run from the last affirmative act of tax evasion, not from the tax year, and measured by that standard Defendant may be held liable.  Finally, the government argues

Defendant's defense of reliance on IRS officials is an issue for the jury and not an issue for pre-trial consideration.

The first issue is whether count one of the indictment fails to properly state a tax deficiency, which is an element of the offense of tax evasion. To prove a crime of tax evasion under 26 U.S.C. § 7201, the government must demonstrate the three elements of "wilfulness, a tax deficiency and some affirmative act constituting an attempted evasion of the tax." United States v. Wilkins, 385 F.2d 465, 472 (4th Cir. 1967). Where a defendant is charged with tax evasion in the sense of failing to pay tax due, rather than failing to admit tax liability, the element of a tax deficiency is satisfied by showing a tax "imposed by the Internal Revenue Code and owed by the taxpayer. United States v. Schoppert, 362 F.3d 451, 454-56 (8th Cir. 2004). It has been held that an unchallenged assessment of a tax deficiency by the IRS represents prima facie evidence of such a deficiency. United States v. Silkman, 220 F.3d 935, 937 (8th Cir. 2000). The defendant may raise an affirmative defense that he does not owe the tax the government claims he does. United States v. Marabelles, 724 F.2d 1374, 1379 n. 3 (9th Cir. 1984).

This law makes clear the government may rely on the tax returns a defendant files as evidence of a tax deficiency. After all, if an unchallenged IRS assessment of tax due may serve as evidence of a deficiency, then surely a defendant's own returns may. If a defendant wishes to claim he does not owe any tax, he must raise this as an affirmative defense.

While Defendant argues the Fourth Circuit case of Jones v. United States, 282 F.2d 745, 747 (4th Cir. 1960) requires the government to prove the amount of tax Defendant would owe on a properly filed tax return, this reliance is misplaced. The defendant in Jones was charged with

4

filing a false return.  Id. at 746.  The court stated that to convict the defendant of this crime, the prosecution had to prove "that full and proper returns would have resulted in larger tax obligations than those shown in the returns actually filed."  Id. at 747.  The government does not contend in count one that the defendant under-reported his income.  Rather, it argues Defendant did not pay the tax he admitted he owed.  The government wishes to use Defendant's own tax returns as evidence of that debt.  Jones permits the government to do this, for it stated that when the government tries to show a defendant owes more tax than reported, it must demonstrate "larger tax obligations *than those shown in the returns actually filed*."  Id. (emphasis added).  The plain terms of Jones permit the government to rely on Defendant's tax returns.  Defendant's argument that count one of the indictment fails to properly plead a tax deficiency is without merit.

Next, although count one of the indictment alleges Defendant attempted to evade the payment of taxes for multiple tax years and that this activity covered a span of years, this is not impermissible.  The question of whether evasion of payment over multiple tax years could be grouped in a single count was directly addressed in United States v. Shorter, 809 F.2d 54, 58 (D.C. Cir. 1987).  The court concluded that "tax evasion covering several years may be charged in a single count as a course of conduct in circumstances . . . where the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years."  Id.  The court in United States v. Pollen, 978 F.2d 78, 87 (3d Cir. 1992) reached a similar conclusion.  The court noted that when the government charges someone with evasion of assessment of tax the criminal conduct directly affects one year and so an indictment charging evasion of assessment for multiple tax years will usually charge each year in a single

5

count.  Id.  Yet the court stated a defendant evading payment may do so over many years.  Id. For this reason, "it is logical to charge distinct, significant attempts to evade the payment of tax for the same group of tax years in separate counts."  Id.  This law indicates it was not improper for the government to charge Defendant with a long term scheme to evade taxes.  Defendant's arguments fail.

Defendant's arguments that two of the tax years (1995 and 1996) specified in count one of the indictment fall beyond the reach of the statute of limitations is also without merit.  The statute of limitations for of a violation of 26 U.S.C. § 7201 is six years.  26 U.S.C. § 6531(2). This period "begins to run on the date of the last affirmative act of tax evasion."  United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997).  The indictment alleges Defendant attempted to evade payment of his 1995 and 1996 taxes by acts running through 2004.  If proven, the statute of limitations of six years would begin to run in 2004.  Id.  Therefore, offenses involving tax years 1995 and 1996 in count one are not barred by the statute of limitations.

Finally, the Court turns to Defendant's arguments regarding the defense of reliance on public authority.  In United States v. Fulcher, 250 F.3d 244, 252 (4th Cir. 2001), the court recognized that where a person honestly believes he is cooperating with the government when he is committing a crime, that intent negates the mens rea element of the crime as long as the government official relied upon has actual authority to permit the otherwise criminal activities. Mens rea is an issue for the jury, not a pre-trial motion.  See, e.g., United States v. Hedgepeth, 418 F.3d 411, 421 (4th Cir. 2005); United States v. Bonetti, 277 F.3d 441, 448 (4th Cir. 2002). Thus, Defendant's argument in this regard should be rejected.

C.      Defendant's Rule 6 Motion for Disclosure of Grand Jury Information

Defendant asks the Court to order disclosure of testimony taken before the grand jury. Defendant states that although the indictment against him states the IRS sent him letters requesting he file some tax returns and twenty four notices asking him to pay back taxes, none of those materials were included in the government's voluminous discovery. Defendant further states that while the indictment alleges he subscribed tax returns in the Eastern District of Virginia, the government has produced no evidence of this. Therefore, Defendant contends he has no way of knowing how he is to know the evidence the government will present related to the Eastern District of Virginia. The government asks the Court to deny disclosure of the grand jury testimony. The government states it provided evidence of the letters and notices in the form of IRS transcripts of account. It also states the Defendant admitted in an interview he received notices requesting payment of tax liability. The interview was summarized in a memorandum and provided to Defendant in discovery.

There is a traditional rule of secrecy surrounding grand jury proceedings. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). A party seeking to break this secrecy has the burden of demonstrating that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Id. When a grand jury ends it activities, the concerns justifying secrecy are reduced, though not eliminated. Id. at 223. A trial court has substantial discretion in considering whether to order disclosure. Id.

Federal Rule of Criminal Procedure 6(e) provides grand jury testimony may be discovered under certain circumstances. Rule 6(e)(3)(E) states:

> "The court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand jury matter: (i) preliminary to or in connection with a judicial proceeding; (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

Where a defendant seeks disclosure of testimony before the grand jury that indicted him, he must rely on the second exception in Rule 6(e)(3)(E). United States v. Nguyen, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004). This means the defendant must show a ground that could lead to dismissal of the indictment. Fed. R. Crim. P. 6(e)(3)(E)(ii). The defendant must demonstrate "that particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." United States v. Abcasis, 785 F. Supp. 1113, 1119 (E.D.N.Y. 1992). A statement of "conclusory or speculative allegations of misconduct" is insufficient. United States v. Morgan, 845 F. Supp. 934, 941 (D. Conn. 1994). Grand jury proceedings enjoy a presumption of regularity. Hamling v. United States, 418 U.S. 87, 139 n. 23 (1974). Due to the heavy burden facing defendant, grand jury testimony "will be denied in all but extraordinary circumstances." Morgan, 845 F. Supp. at 941.

The Court first considers Defendant's argument he should obtain the testimony based on the government's failure to produce the notices and letters of the IRS referenced in the indictment. This ground is not a statement of an irregularity before the grand jury. Defendant simply wants to obtain evidence he does not have. This is insufficient to breach the veil of grand jury secrecy.

The Court now considers Defendant's argument he should obtain the grand jury transcripts because the government has admitted it has no documentary or direct testimonial evidence showing Defendant made and subscribed a tax return in the Eastern District of Virginia. The government has stated it will show this element by circumstantial evidence. Venue may be proven by circumstantial evidence. United States v. Martinez, 901 F.2d 374, 376 (4th Cir. 1990). Defendant's argument in this regard is again simply a desire to have evidence he does not possess. Defendant has done nothing to show a possible irregularity or misconduct in the grand jury. Therefore, the veil of grand jury secrecy should not be breached.

Thus, Defendant's Rule 6 Motion for Disclosure of Grand Jury Information is DENIED.

D.  Defendant's Motion for a Bill of Particulars and Defendant's Motion to Exclude Expert Testimony

At the hearing, counsel for Defendant made certain representations about these motions that make them moot. Counsel stated that because the government stated it would provide the defense with additional documents. Counsel stated that if these documents were provided, a bill of particulars would not be necessary. Counsel also stated the government informed the defense it would not have any expert witnesses. Therefore, there is no purpose to excluding expert witnesses. Therefore, these two motions are DENIED as moot.

E.  Recommendation and Order

Accordingly, I recommend Defendant's motion to dismiss the indictment for lack of venue or, in the alternative to transfer to the Northern District of West Virginia and his Motion to Dismiss Indictment be DENIED. It is also ordered that Defendant's Rule 6 motion for disclosure of grand jury information, motion for a bill of particulars, and motion to exclude expert testimony are DENIED.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation and Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation and Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation and Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation and Order.

DATED: June 14, 2007

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE