U.S. DISTRICT COURT
FILED AT WHEELING, WV
OCT - 4 2007
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Criminal Action No. 5:07CR22
                                           (STAMP)

PAUL J. HARRIS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Defendant, Paul Harris, was indicted in the Eastern District of Virginia on one count of evasion of tax payments, in violation of 26 U.S.C. § 7201, and four counts of filing false income tax returns, in violation of 26 U.S.C. § 7206(1). Subsequently, the defendant filed a motion to dismiss for lack of venue or, in the alternative, motion to transfer to the Northern District of West Virginia. Shortly thereafter, the defendant also filed a motion to dismiss the indictment. The government filed a consolidated response to the motions and the defendant replied. Following a hearing on the motions, the District Court in Richmond, Virginia granted the defendant's alternative motion to transfer and ordered the case, including the remaining pending motions, transferred to this Court.

United States Magistrate Judge James E. Seibert considered and heard argument on the above-mentioned motions to dismiss as well as

the following later-filed motions: motion for disclosure of grand jury information, motion for bill of particulars, and motion to exclude expert testimony. Thereafter, Magistrate Judge Seibert issued a report and recommendation and order recommending that the motions to dismiss be denied and ordering that the motion for disclosure of grand jury information, the motion for bill of particulars, and the motion to exclude expert testimony be denied. The defendant filed objections to the report and recommendation on the motions to dismiss. No objections were filed, however, to the order regarding the other motions.[1] The government filed a response to the defendant's objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge is empowered to make final rulings on non-dispositive matters. The decisions of the magistrate judge on non-dispositive matters that are referred to him are final unless a party files timely objections. In this case, no objections have been filed to Magistrate Judge Seibert's ruling on defendant's motion for disclosure of grand jury information, defendant's motion for a bill of particulars, or defendant's motion to exclude expert testimony. Accordingly, the ruling of the magistrate judge on those motions is final.

2

F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). In this case, the defendant filed objections to the report and recommendation. Accordingly, this Court will conduct a de novo review as those portions of the report and recommendation to which the defendant objected. The remaining portions of the report and recommendation to which the defendant did not object will be reviewed for clear error.

### III. Discussion

The defendant makes two objections to the report and recommendation. First, the defendant contends that the recommendation of the magistrate judge to deny the defendant's motion to dismiss for lack of venue is clearly erroneous because the government failed to produce any evidence that the tax returns which form the basis for Counts Two-Five of the indictment were prepared, signed or filed in the Eastern District of Virginia. Second, the defendant contends that the recommendation of the magistrate judge to deny the defendant's motion to dismiss as to Count One of the indictment is clearly erroneous because the government stipulated that it did not give the defendant credit for expenses not claimed on the tax returns at issue.

The defendant's objections are without merit. As to the issue of venue, this Court agrees with the ruling of the magistrate judge that the dispute regarding venue in this case presents a jury question and is not a proper basis for a motion to dismiss the

indictment. The defendant argues that the indictment improperly places venue in the Eastern District of Virginia. The government argues, on the other hand, that it has circumstantial evidence that venue is proper in the Eastern District of Virginia.

Rule 18 of the Federal Rules of Criminal Procedure provides that the prosecution of a crime shall be "in a district where the offense was committed." In his objections, the defendant contends that the government failed to produce any evidence at the evidentiary hearing before Magistrate Judge Seibert that the allegedly false tax returns were prepared, signed or filed in the Eastern District of Virginia. The defendant argues that such proof is necessary to sustain Counts Two-Five of the indictment for filing false income tax returns in violation of 26 U.S.C. § 7206(1).

The defendant's argument is misplaced. Indeed, the United States Court of Appeals for the Fourth Circuit has held that "[w]hen the motion to dismiss for improper venue is a pretrial motion, only the indictment may be considered. Evidence beyond the face of the indictment should not be considered." United States v. Forrest, 182 F.3d 910, 1999 WL 436743 (4th Cir. June 29, 1999)(unpublished)(citing United States v. Jensen, 93 F.3d 667 (9th Cir. 1996); see also United States v. Marra, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.")

In this case, Counts Two-Five of the indictment charge that the defendant willfully made and subscribed false tax returns in the Eastern District of Virginia. Therefore, the government has properly alleged venue for the purposes of satisfying a motion to dismiss those counts.[2] Contrary to the defendant's argument, the government was not required to produce evidence of venue at the evidentiary hearing before Magistrate Judge Seibert because the indictment is sufficient on its face. At trial, however, the government will bear the burden of showing by a preponderance of the evidence that venue is proper in the Eastern District of Virginia. The appropriate procedure for resolving a factual dispute regarding venue is to submit the question to the jury. United States v. Ebersole, 411 F.3d 517, 526 n.10 (4th Cir. 2005).[3]

---

[2]To the extent that the defendant's objections to the report and recommendation can be construed to object to venue as to Count One of the indictment, such objection also fails. Count One of the indictment alleges that from 1997 to 2004 in the Eastern District of Virginia, the defendant willfully attempted to evade payment of income taxes owing to the United States. This is a sufficient allegation of venue to survive a motion to dismiss.

[3]In his objections, the defendant compares his case to United States v. Haley, 500 F.2d 302, 304 (8th Cir. 1974). Specifically, the defendant states that Haley "emphasizes that venue may be proven by circumstantial evidence" but "ultimately found venue to be improper due to evidence based upon complete speculation and conjecture." (Def.'s Objections to Report and Recommendation 2.) The defendant's comparison is misplaced. First, Haley involved a post-trial motion in which the defendant challenged the sufficiency of evidence presented at trial to establish venue. Here, the defendant challenges venue in a pre-trial motion. The nature of the inquiry on a pre-trial motion to dismiss the indictment versus a post-trial motion challenging the sufficiency of evidence is substantially different. Furthermore, contrary to the defendant's

The defendant's second objection is equally unavailing. The defendant argues that Count One fails as a matter of law because it does not properly plead a tax deficiency, one of the elements of a violation of 26 U.S.C. § 7201.[4] Specifically, the defendant argues that because the government stipulated that it did not give him credit for expenses not listed on the tax returns, Count One fails to state a tax deficiency.

Title 26, United States Code, Section 7201 creates two types of offenses: "the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax." Sansone v. United States, 380 U.S. 343, 351 (1965). In this case, the government is proceeding on the latter theory, evasion of payment. In an evasion of payment case, a tax deficiency can be established by a showing that the defendant has a "tax due and owing." United States v. Schoppert, 362 F.3d 451, 456 (8th Cir. 2004)(citing United States v. McGill, 964 F.2d 222, 229 (3d Cir. 1992)).

---

assertion, the court in Haley did not find venue to be improper. Rather, the court found that the evidence presented at trial, combined with the defendant's delay in raising the venue issue, was sufficient to sustain venue in the Western District of Missouri.

[4]To prove a crime of tax evasion in violation of 26 U.S.C. § 7201, the government must prove the following elements beyond a reasonable doubt: (1) willfulness, (2) a tax deficiency, and (3) some affirmative act constituting an attempted evasion of tax. United States v. Wilkins, 385 F.2d 465, 472 (4th Cir. 1967).

The indictment in this case properly alleges a tax deficiency. Specifically, the indictment charges that the defendant filed tax returns from 1995-2000 and in 2002 in which he <u>admitted</u> taxes due and owing. The indictment contains no allegation of unreported taxable income. Rather, it is alleged that the defendant took certain affirmative actions to conceal from the Internal Revenue Service his ability to pay the taxes that he has admitted are due and owing in his own tax returns. This Court agrees with the determination of the magistrate judge that it is undoubtedly appropriate for the government to rely on the defendant's own tax returns as evidence of a tax deficiency.

The defendant's reliance on <u>Jones v. United States</u>, 282 F.2d 745 (4th Cir. 1960), and <u>Morrison v. United States</u>, 270 F.2d 1 (4th Cir. 1959), is misplaced. Unlike the case at hand, neither of those cases involved evasion of payment of an admitted tax liability. In both <u>Jones</u> and <u>Morrison</u>, the government was attempting to establish that if the defendants had fully and properly reported all taxable income on their tax returns, such returns would have revealed larger tax obligations. In this case, the defendant is not charged with evading assessment of a larger tax. To the contrary, it is alleged that the defendant reported certain tax liabilities and then willfully attempted to avoid payment of those tax liabilities. Therefore, for purposes of a motion to dismiss the indictment, the fact that IRS agent Razzetti

did not give the defendant credit for expenses not listed on his tax returns is of little incident. If the defendant believes that he has allowable deductions and expenses not claimed in his returns, he can assert such argument at trial. The defendant's argument that the indictment fails to properly plead a tax deficiency is without merit because the government is permitted to rely on the defendant's own tax returns as evidence of such deficiency.

Finally, this Court finds no clear error in the recommendations of the magistrate judge to which the defendant did not object. Specifically, this Court agrees that Count One is not "impermissibly duplicitous," that the 1995 and 1996 charges are not barred by the statute of limitations, and that whether the defendant is entitled to a defense of reliance on public authority is a question for the jury. Furthermore, this Court agrees that the portion of the defendant's motion to dismiss for lack of venue in which the defendant sought a transfer to this district for convenience is moot because the defendant has been granted the relief sought.

IV. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The defendant's motion to dismiss the indictment for lack of venue and the defendant's motion to dismiss the indictment are DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    October 4, 2007

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE