```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:07CR22
                                        (STAMP)

PAUL J. HARRIS,

    Defendant.

## ORDER GRANTING UNITED STATES' MOTION
## FOR DISTRICT COURT TO RETAIN JURISDICTION

      On August 17, 2007, United States Magistrate Judge James E. Seibert entered an order directing the defendant, Paul J. Harris, to file a pleading advising the Court whether he is proceeding <u>pro se</u> or is being represented by counsel in this action.  On August 20, 2007, the defendant filed a notice of his election to proceed <u>pro se</u>.  On August 27, 2007, the defendant filed an objection to the magistrate judge's order denying hybrid representation and requiring him to elect between proceeding <u>pro se</u> or by counsel.  On October 4, 2007, this Court entered an order overruling the defendant's objection to the magistrate judge's order denying hybrid representation.

      On October 15, 2007, the defendant filed a notice of appeal of this Court's order denying hybrid representation.  On October 16, 2007, the United States filed a motion for this Court to retain jurisdiction.  The United States argues that the defendant's appeal does not deprive this Court of jurisdiction because the appeal is

frivolous. The defendant filed a response in opposition to the government's motion, and the government replied.

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982). Indeed, "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." <u>Id.</u> Nonetheless, a few narrow exceptions exist to this jurisdictional transfer principle, such as "where the defendant frivolously appeals, <u>see</u> <u>United States v. LaMere</u>, 951 F.2d 1106, 1109 (9th Cir. 1991)(per curium), or takes an interlocutory appeal from a non-appealable order, <u>see</u> <u>United States v. Green</u>, 882 F.2d 999, 1001 (5th Cir. 1989)." <u>United States v. DeFries</u>, 129 F.3d 1293, 1302-3 (D.C. Cir. 1997).

Following review of the government's motion and the response and reply thereto, this Court finds that the government's motion must be granted because the defendant has sought an interlocutory appeal of a non-appealable order. The defendant argues that this Court's order, denying hybrid representation, belongs to the narrow class of orders falling within the "collateral order" exception articulated in <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949). The collateral order exception to the final order rule established by 28 U.S.C. § 1219 permits an appeal, in the absence

of a final judgment, where the order appealed (1) conclusively determines a disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

The government argues that the holding in Flanagan v. United States, 465 U.S. 259 (1984), is controlling regarding the application of the collateral order exception to this Court's order denying hybrid representation. This Court agrees. In Flanagan, the United States Supreme Court held that an order disqualifying defense counsel in a criminal case does not fall within the collateral order exception and thus is not immediately appealable. Flanagan, 465 U.S. at 260 ("We decide today that a District Court's pretrial disqualification of defense counsel in a criminal prosecution is not immediately appealable under 28 U.S.C. § 1291."). Accordingly, the Court in Flanagan determined that the United States Court of Appeals for the Third Circuit had no jurisdiction to review the district court's order disqualifying defense counsel prior to the entry of final judgment in the case. Id. at 263.

In Flanagan, the district court declined to permit the defendant to proceed to trial with his chosen counsel because such counsel had a potential conflict of interest. Here, this Court has declined to permit defendant Harris to act as co-counsel at trial with retained attorneys. This Court's order, with respect to the

application of the collateral order exception, is indistinguishable from the order disqualifying counsel at issue in Flanagan. Like the order in Flanagan, the order denying hybrid representation effectively disqualifies certain counsel that the defendant desires to represent him at trial.[1] Moreover, this Court's order arguably does less violence to the defendant's right to choice of counsel than the one at issue in Flanagan because it does not entirely deny the defendant his chosen counsel. Rather, it merely requires the defendant to select which of his preferred counsels (himself or his retained counsel) will represent him at trial.

The defendant contends that Flanagan is not controlling here because it has effectively been overruled by United States v. Gonzalez-Lopez, 126 S. Ct. 2557 (2006). The defendant's argument is without merit. The holding in Gonzalez-Lopez did not affect the Court's previous ruling regarding the application of the collateral order exception to orders disqualifying defense counsel in a criminal trial. Unlike Flanagan, Gonzalez-Lopez arose from a direct appeal from the defendant's conviction and thus did not even involve the collateral order exception. Rather, the Court in Gonzalez-Lopez addressed the standard of review that should be applied on direct appeal from a defendant's conviction when it is found that the defendant was erroneously deprived of his Sixth

---

[1] Although this Court has denied hybrid representation, it has permitted the pro se defendant to retain stand-by counsel in the event that the defendant decides at or before trial that he no longer desires to proceed pro se.

4

Amendment right to counsel of choice.[2] Additionally, the fact that the defendant in Gonzalez-Lopez received review on direct appeal of the trial court's denial of his right to counsel of choice and that such review resulted in a reversal of his conviction, supports a conclusion that an order disqualifying counsel is not "effectively unreviewable on appeal" as required by the third prong of collateral order exception test.

The defendant also relies on United States v. Hankish, 462 F.2d 316 (4th Cir. 1972), in support of his argument that the order denying hybrid representation is an appealable interlocutory order. Contrary to the defendant's assertions, Hankish does not stand for the proposition that an order disqualifying defense counsel is immediately appealable, absent waiver. At best, the language in Hankish regarding the collateral order exception is dictum. See id. at 318 ("If we should follow the decision in Harmar, the [order disqualifying counsel] would be appealable under the rule in Cohen." (emphasis added)). Nonetheless, even if the language could be construed as permitting an interlocutory appeal of an order disqualifying counsel, such language would have been overruled by the United States Supreme Court's decision in Flanagan, which was decided after Hankish.

---

[2]While the defendant has a Sixth Amendment right to be represented by an attorney, a defendant has no right to act as co-counsel. United States v. Tarantino, 846 F.2d 1384, 1420 (D.C. Cir.), cert. denied, 488 U.S. 867 (1988). Unlike the defendant in Gonzalez-Lopez, who was deprived of a constitutional right to choice of counsel, the defendant in this case has no constitutional right to hybrid representation.

Accordingly, this Court finds that <u>Flanagan</u> controls in this case. Therefore, the order denying hybrid representation is not appealable until final judgment. Although the question of jurisdiction raised by defendant Harris's notice of appeal may have been better decided by the United States Court of Appeals for the Fourth Circuit, this Court concludes that in the interest of preventing further delay and interruption in the prosecution of this case, jurisdiction should be retained in the district court and this district court should make a ruling on the motion at this time.[3] As noted by the Court in <u>Flanagan</u>, "an appeal of a disqualification order interrupts the trial" and "[i]n criminal cases such interruption exacts a presumptively prohibitive price." 465 U.S. at 269. Allowing immediate appeal in this case would "severely undermine the policies behind the final judgment rule," <u>Id.</u> at 270, and would cause an unwarranted delay in the prompt resolution of this case as the scheduled trial date of December 4, 2007, quickly approaches. Therefore, the United States' motion for the district court to retain jurisdiction is GRANTED.[4]

---

[3]Under this Court's present scheduling order, this case is presently set for trial beginning December 4, 2007. A pretrial conference is scheduled for November 27, 2007.

[4]In its motion for the district court to retain jurisdiction, the government stated that it intended to file with the United States Court of Appeals for the Fourth Circuit a motion to dismiss the defendant's interlocutory appeal. Neither the defendant nor the United States has updated this Court regarding the status of such motion. This Court's decision today, granting the United States' motion for the district court to retain jurisdiction, is of course subject to any ruling by the Fourth Circuit on the motion to dismiss the defendant's appeal.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    November 7, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE