IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Criminal Action No. 5:07CR22
                                                                (STAMP)

PAUL J. HARRIS,

    Defendant.

**ORDER GRANTING UNITED STATES'
MOTION IN LIMINE NOS. 1, 2, AND 4,
DEFERRING RULING ON UNITED STATES'
MOTION IN LIMINE NO. 3,
DENYING DEFENDANT'S MOTIONS IN LIMINE,
GRANTING UNITED STATES' TOUHY MOTION
AND DENYING DEFENDANT'S RULE 611(a) MOTION**

    On December 3, 2007, this Court held a pretrial conference in the above-styled criminal action. At the pretrial conference, the undersigned judge made the following pronounced rulings:

    1. The United States' Motion in Limine No. 1 "to prohibit any reference to a polygraph" is GRANTED. In his response to the government's motion and at the pretrial conference, the defendant admitted that in this jurisdiction there is a per se ban on the admissibility of polygraph evidence. See United States v. Prince-Oybio, 320 F.3d 494, 501 (4th Cir. 2003).

    2. The United States' Motion in Limine No. 4 "to prevent the defendant from trying to elicit on cross-examination of special agents or revenue agents exculpatory self-serving declarations of defendant" is GRANTED. At the pretrial conference, the United States identified the self-serving exculpatory statements referred to in its motion. The United States indicated that it seeks to

exclude certain statements made by the defendant during interviews with Internal Revenue Service ("IRS") agents regarding his intent to pay his income taxes. Based upon the United States' representations regarding the content of the "self-serving statements," the defendant stated that he does not object to the granting of this motion.

3. The defendant's Motion in Limine No. 1 requesting an order prohibiting the introduction of evidence that the IRS recorded assessments against the defendant totaling $96,832.58 plus penalties and interest as alleged in paragraph 3 of the indictment and the defendant's Motion in Limine No. 2 requesting an order prohibiting the introduction of evidence that the IRS sent 24 notices to the defendant requesting that he pay the various taxes that he admitted he owed as alleged in paragraph 4 of the indictment are DENIED.

The defendant argues that his motions should be granted because the United States has not produced in discovery the recorded assessments and the 24 notices. At the pretrial conference, the United States argued that the recorded assessments and the 24 notices do not exist as individual documents. Rather, the United States intends to introduce a computer printout of the IRS's "transcript of account" as evidence that tax assessments were made against the defendant and that 24 notices of such assessments were sent to the defendant. The United States indicates that the transcript of account was prepared by the IRS and reflects that tax

assessments were made against the defendant and that notices were issued to the defendant. Based on this representation, the defendant's motions are DENIED because the United States has produced some evidence to support the existence of the assessments and notices.

4. The defendant's Motion in Limine No. 3 requesting an order to prohibit the introduction of evidence that the defendant leased a Lexus automobile as alleged in paragraph 5(f) of the indictment is DENIED. Evidence that the defendant leased the automobile could properly be introduced to show hiding or diversion of assets.

5. The United States' <u>Touhy</u> motion is GRANTED. The dispute regarding the defendant's inclusion of Robert H. McWilliams, Jr., Brian Samuels, and Lyndsey Cooper on his witness list is moot because the defendant no longer intends to call those individuals as witnesses. To the extent that the defendant intends to call Special Agent Judith Razzetti as a witness, the defendant must comply with the Department of Justice regulations governing testimony by department employees upheld by the Supreme Court in <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

Following the pretrial conference, the undersigned judge reviewed the remaining outstanding motions in this case. Based on the motions and responses thereto, the Court now makes the following additional rulings:

1. The United States' Motion in Limine No. 2 "to prohibit evidence or references of any kind in the nature of alleging that the indictment and prosecution of defendant is a form of retaliation for court actions taken by the defendant against the United States" is GRANTED. First, the defendant has no objection to the exclusion of evidence that he has previously represented clients in criminal cases involving the United States. The defendant argues, however, that he should be permitted to introduce, as evidence of retaliation, that he has represented clients in cases involving the IRS and that he personally filed a civil suit against the United States concerning investigatory actions of the case-agent in this case. The undersigned judge finds that such evidence or argument is not relevant to the elements of the offenses charged or to any affirmative defenses. Additionally, the defendant has not presented sufficient evidence in support of his retaliation argument. Accordingly, the presentation of any evidence or argument by the defendant regarding retaliation will be prohibited.

2. The defendant's Rule 611(a) motion regarding presentation of evidence at trial is DENIED. In his motion, the defendant requests an order requiring the United States to present "venue evidence" at the beginning of its case in chief. The defendant asserts that the United States must prove by a preponderance of the evidence that venue is proper by showing that his tax returns were prepared, signed or filed in the Eastern District of Virginia.

However, the United States need not prove that "venue" is proper in the Eastern District of Virginia.[1]  "Venue" means the "district in which a court with jurisdiction may hear and determine a case."  22 C.J.S. Criminal Law § 223 (2007).  By requesting a transfer to the Northern District of West Virginia under Federal Rule of Criminal Procedure 21(b), the defendant waived any question of proper venue.  See United States v. Wilson, 26 F.3d 142, 151 (D.C. Cir. 1994) (by initiating a Rule 21 motion to transfer, the defendant waived any subsequent objections based on improper venue)(citing 2 Charles Allen Wright, Federal Practice and Procedure: Criminal § 306, p. 221 (2d ed. 1982)); United States v. Bryson, 16 F.R.D. 431, 434 (N.D. Cal 1954); United States v. Williams, 437 F. Supp. 1047, 1051 (W.D.N.Y. 1977)("A motion by defendant for change of venue is deemed a waiver of his constitutional and statutory right under

---

[1] On April 20, 2007, the defendant filed, in the Eastern District of Virginia, a motion to dismiss for lack of venue or, in the alternative, to transfer to the Northern District of West Virginia.  United States District Court Judge Robert E. Payne granted the defendant's alternative motion and transferred the case to this jurisdiction.

In an October 4, 2007 memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge, this Court addressed and denied the defendant's motion to dismiss the indictment for lack of venue even though the motion had previously been granted in the alternative.  This Court agreed with the ruling of the magistrate judge that the dispute raised in the defendant's motion to dismiss for lack of venue presented a jury question and was not a proper basis for a motion to dismiss the indictment.  In the opinion, this Court stated that at trial in this matter the government will bear the burden of showing by a preponderance of the evidence that venue is proper in the Eastern District of Virginia.  This statement was inaccurate within the context of this case. As explained below, the defendant has waived the right to require the government to prove venue by a preponderance of the evidence.

5

Fed. R. Crim. P. rule (sic) 18 to be tried in the district in which the alleged offense was committed."). Therefore, the United States is not required to prove at trial by a preponderance of the evidence that venue is proper in either the Eastern District of Virginia or in the Northern District of West Virginia. Accordingly, the defendant's Rule 611(a) motion is DENIED.

Finally, the undersigned judge DEFERS ruling on the United States' Motion in Limine No. 3 "to prevent the defense from arguing or presenting evidence that an Assistant United States Attorney or the case-agent allegedly threatened the defendant's wife with prosecution" because this Court is without sufficient information regarding the context of the alleged threat and the purpose for which the defendant would introduce evidence or argument about the alleged threat. Also, this Court DEFERS ruling on the objections to exhibits and the United States' Daubert motion until a later date.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    December 5, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE